Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| JEANETTE WILSON, | **Case No.:** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | **Demand Does not Exceed $10,000** |
| Defendant. | |

## COMPLAINT

JEANETTE WILSON (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1).*

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

### PARTIES

8. Plaintiff is a natural person who resides in the Talbott, Hamblen & Jefferson County, Tennessee and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3).*

9. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h).*

10. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

**FACTUAL ALLEGATIONS**

13. Defendant constantly and continuously places collection calls to Plaintiff demanding payment for an alleged debt (see letter from Plaintiff's daughter attached hereto as Exhibit "A")

14. Defendant called Plaintiff before 8:00 AM and after 9:00 PM in an attempt to collect a debt.

15. Defendant failed to provide plaintiff with a debt verification letter.

16. Defendant used profanity by telling the Plaintiff to "bring your fat ass down here and pay your debt."

17. Defendant threatened to file a lawsuit against Plaintiff in an attempt to collect a debt. Defendant has yet to file a lawsuit against Plaintiff.

18. Defendant threatened to garnish Plaintiff's wages in an attempt to collect a debt. Defendant has yet to garnish Plaintiff's wages.

19. Defendant contacted a third party in an attempt to collect a debt. (see Exhibit "A")

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves and failed to state they are confirming or correcting location information (see email from Plaintiff's daughter attached hereto as Exhibit "A").

b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating that the Plaintiff owes a debt. (see Exhibit "A").

c. Defendant violated *§1692c(1)* of the FDCPA by contacting Plaintiff before 8:00 AM and after 9:00 PM in an attempt to collect a debt.

d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

e. Defendant violated *§1692d(2)* of the FDCPA by using profane and abusive language by telling Plaintiff to "get her fat ass down here and pay your debt."

f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

g. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

h. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

i. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit with no intent to file a lawsuit.

j. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

- 4 -

COMPLAINT

**WHEREFORE,** Plaintiff, JEANETTE WILSON, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, JEANETTE WILSON, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 10, 2009                     KROHN & MOSS, LTD.


By: /s/ Ryan Lee_____

Ryan Lee

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, JEANETTE WILSON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JEANETTE WILSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2-5-09

_Jeanette Wilson_
JEANETTE WILSON

# **EXHIBIT A**

Febuary 5, 2009

Dear Jennifer Shaouli,

I am writing in regards to my mother, Jeanette Wilson recieving harrassing phone calls from NCO Financial Systems, Inc. I have taken these calls from them at various times during the day, mostly early in the morning waking me up. I have stated to these people that my mother is very sick and I wont wake her up. I've tried to explain her medical conditions that she is up all during the night and sometimes very late with pain and the gentleman that calls is perstant that he wants to talk to her. I have told him on several occassions to call back at a later time and if she is feeling well enough then I will give her the call.  I have witnessed the calls from this company to her and they get her very upset and aggravated to the point of her having to raise her voice to them. So I quit putting the calls to her at all because I don't her to have a stroke or a heart attack. I have tried to be reasonable with these people and be kind as possible but it seems as if they try their best to provoke you into arguing with them. I wouldn't even answer their calls but they hide their phone # and the ID just shows up as privacy direct. It's like they think they can get you to do as they want by making threats to you by taking you to court and other means. I just wish that these people would quit calling my mother and getting her so upset. She is an older woman with very poor health and they dont seem to have any compassion for anyone. Your help in this matter would be greatly appreciated.

Thank You,

Lois Gibson
Flb. 5, 2009

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — (YES) NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — YES (NO)
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — YES (NO)
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — YES (NO)
14. Negative impact on my job — YES (NO)
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____
_____
_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 2-7-09                    *Jeanette Wilson*
                                 Signed Name

                                 JEANETTE Wilson
                                 Printed Name